UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CATHI SHORT,**

          Plaintiff,

v.                              Case No: 6:13-cv-839-Orl-28KRS

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

          Defendant.

### ORDER

This case is before the Court on the Motion to Remand (Doc. 14) filed by Plaintiff, Cathi Short. Having considered the motion and the Notice of Removal filed by Defendant, State Farm Mutual Automobile Insurance Company (State Farm), the Court determines that the Motion to Remand must be **DENIED**.

I. **Background**

Ms. Short was injured in a motor vehicle accident in March 2012. On April 24, 2013, Ms. Short sued State Farm in state court for recovery under the uninsured/underinsured portion of Ms. Short's insurance policy with State Farm. State Farm filed a Notice of Removal, (Doc. 1), and Ms. Short then filed a Motion to Remand to State Court, (Doc. 14). State Farm has not responded to the motion.

II. **Amount in Controversy**

This Court has jurisdiction over diverse parties if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In determining the amount in controversy, if the plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance

of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Ms. Short did not plead a specific amount of damages in this case, so State Farm bears the burden of proving the requisite amount in controversy by a preponderance of the evidence. Ms. Short argues that State Farm has failed to meet its burden of showing that the amount in controversy exceeds $75,000. State Farm, however, asserted in its Notice of Removal that the amount in controversy is met because Ms. Short demanded $100,000 in damages in a letter served upon State Farm, (Doc. 1 ¶ 12), and because based on Ms. Short's alleged injuries, "it is conceivable for federal removal purposes . . . that a jury could render a GROSS verdict of $115,000 to $200,000, . . . [and] a net verdict of $75,000-$160,000." (Id. ¶13(B)(7)). State Farm submitted a copy of the demand letter, which listed Ms. Short's injuries and demanded $100,000, stating that Ms. Short's "claim for bodily injury is well in excess of the tortfeasor's policy limits of $100,000." (Doc. 1-2 at 2). The demand letter described Ms. Short's injuries to her ankle, neck, and back and stated that Ms. Short suffered one month of lost wages and would require future care at the cost of between $800 and $1,600 quarterly. (Id.).

Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party to be considered by courts for purposes of determining whether diversity jurisdiction exists. See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc., 268 F. App'x 864, 866 (11th Cir. 2008); see also Fischer v. State Farm Mut. Auto. Ins. Co., No. 10-14124-CIV, 2011 WL 573836, at *2 (S.D. Fla. Feb. 15, 2011). Some courts have found demand letters to be "'legally

2

certain evidence'" that the amount in controversy meets federal jurisdictional requirements. Bowen v. State Farm Mut. Auto. Ins. Co., No. 6:10-cv-144-Orl-19DAB, 2010 WL 1257470, at *3 (M.D. Fla. Mar. 29, 2010) (quoting Lazo v. U.S. Airways, Inc., No. 08-80391-CIV, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008)). Courts, however, must assess whether demand letters are mere "'puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (quoting Jackson v. Select Portfolio Servicing, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

The demand letter in this case does not appear to constitute posturing. Instead, Ms. Short's counsel specified a number of serious injuries and testing that Ms. Short underwent. State Farm has not included the "Special Damages" itemization referenced in the demand letter, nor has it presented support for many of its assertions in its Notice of Removal. Thus, the Court must base its conclusion regarding the amount in controversy on the only specific monetary allegation in the demand letter—that future medical treatment would cost between $800 and $1600 quarterly, according to a medical estimate.

In La Rocca v. Stahlheber, the removing defendant pointed to medical reports in which the lowest estimate of the plaintiff's future medical bills was $2,000 annually as support for its assertion of the amount in controversy. 676 F. Supp. 2d 1347, 1349-50 (S.D. Fla. 2009). The court in La Rocca calculated the amount of future damages by considering the lowest annual estimate and the forty-year-old plaintiff's life expectancy. Id. at 1350. As in that case, the Court here takes judicial notice of the United States Life

Tables published by the National Office of Vital Statistics of the United States Department of Health and Human Services. See id. Ms. Short was thirty-four years old in October 2012, (Doc. 1-2 at 1), so her remaining life expectancy is more than forty-six years. Multiplying forty-six by $3200—the lowest annual estimate of future medical treatment—the Court finds that the amount in controversy greatly exceeds $75,000 in future medical treatment alone. State Farm need only prove that the amount in controversy more likely than not exceeds $75,000. Considering the facts and amount of damages alleged in the demand letter, State Farm has met this burden.

### III. Conclusion

Based on the foregoing, State Farm has established that the amount of controversy in this case exceeds $75,000. Accordingly, Ms. Short's motion to remand (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 25, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties